**The document below is hereby signed.**

**Dated: November 28, 2011.**



**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
JOSEPH CALLISTE,               )    Case No. 09-00581
                               )    (Chapter 7)
            Debtor.            )    Not for publication in
                               )    West's Bankruptcy Reporter

<u>MEMORANDUM DECISION AND ORDER RE DEBTOR'S CONTEMPT MOTION</u>

The debtor, Joseph Calliste, has signed and filed a motion
to hold First Mount Vernon Industrial Loan Association and
Stephen O. Hessler in contempt for violating the discharge
injunction.  The motion has not been signed by the debtor's
counsel of record in the bankruptcy case.  As set forth below,
the debtor is required to take certain steps in order to pursue
the motion.

I

Calliste is represented by counsel in this bankruptcy case,
and the general rule is that such representation "constitutes an
entry of appearance on behalf of the debtor in all matters
arising during the administration of the case until the case is
closed, including . . . contested matters . . . ."  LBR 9010-

3(b)(1).   Pursuant to LBR 9010-3(b)(2)(A), an attorney in a case under chapter 7 of the Bankruptcy Code may reduce the scope of representation by filing a statement under Fed. R. Bankr. P. 2016(b) disclosing a written agreement that the representation will not include adversary proceedings, or that the representation will cease (or be limited to certain matters) after the debtor receives a discharge.   Here, however, the contempt motion was not an adversary proceeding, and the debtor's attorney's Rule 2016(b) statement did not exclude motions for contempt from the scope of representation for matters arising post-discharge.   LBR 9010-3(b)(2)(A), in conjunction with Rule 9011(a) of the Federal Rules of Bankruptcy Procedure, serves the salutary purpose of assuring that a motion on behalf of a debtor (within the scope of the representation of the debtor) has been examined by the debtor's attorney of record, an individual trained in the law, before the motion is filed.   Under Rule 9011(a), "[e]very . . . written motion . . . shall be signed by at least one attorney of record in the attorney's individual name" when a debtor is represented by an attorney.   Accordingly, for the motion to be considered, it must be signed by the debtor's attorney of record in the bankruptcy case.   *See Ahmad v. Independent Order of Foresters*, 81 F.R.D. 722, 730 (E.D. Pa. 1979), *aff'd*, 707 F.2d 1399 (3d Cir. 1983) ("Since the plaintiffs are represented by an attorney, their pleadings and other papers

2

must be signed by him, as required by Fed.R.Civ.P. 7 and 11.").

Because the debtor's attorney did not sign the motion, Fed. R. Bankr. P. 9011(a) requires that the unsigned paper "shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Accordingly, so long as the scope of the debtor's attorney's representation of the debtor extends to this contested matter, the motion will be stricken unless the omission is corrected by the debtor's attorney signing a copy of the motion.  I will strike the motion if the omission is not corrected within 14 days.

If the attorney declines to sign the motion (for example, because he believes it lacks merit), or if the debtor is unable to make satisfactory arrangements for paying the attorney, the debtor and the attorney could agree in writing to amend the scope of representation to exclude representation of the debtor as to this contempt matter.  The attorney could then file an amended Rule 2016(b) statement reflecting the agreement that the attorney's postdischarge representation does not include pursuit of the motion for contempt.  If such an amended Rule 2016(b) statement is filed within 14 days after entry of this order, the court would not strike the motion.

## II

If I were to reach the merits of the motion, it is

3

probable, for the reasons set forth below, that it lacks any merit.

A

The debtor's motion and the court's file establish the following facts.  On August 10, 2010, the court issued a discharge to the debtor pursuant to 11 U.S.C. § 727.  On November 4, 2010, the court granted First Mount Vernon relief from the automatic stay to proceed with foreclosure proceedings regarding real property located at 301 11th St. NW., Washington, D.C. First Mount Vernon conducted a foreclosure sale and was the successful bidder at the foreclosure sale.  Thereafter, First Mount Vernon commenced an eviction proceeding in the Superior Court of the District of Columbia, Civil Division, Landlord and Tenant Branch alleging "Defendant is former now-foreclosed owner who lost title at foreclosure sale; notice to quit pursuant to DC Code §42-522 served and expired."  The complaint requested judgment for possession of the property and requested a protective order requiring that future rent be paid into the registry of the court until the case is decided at a "fair market rent/occupancy value."

The debtor filed a plea of title as a defense in the eviction proceeding.  In response to the plea of title, First Mount Vernon sought an undertaking from Calliste.  The court granted that request, requiring Calliste to pay $47,000.00 into

4

the registry of the court, as an undertaking, payable in installments of $10,000 each commencing on or about July 29, 2011. Calliste has defaulted in making the required payments, and First Mount Vernon has sought to dismiss the plea of title defense on that basis.

Calliste contends that First Mount Vernon's undertaking request was to require him to "pay $47,000.00 into the Court for alleged real estate taxes due more than one year before the filing of bankruptcy." Motion ¶ 4. He contends this violated the discharge injunction. First Mount Vernon denies that it requested the court to require payment into the court to pay the real estate taxes, although it does not deny that it noted the real estate taxes on the property as a consideration to be taken into account in the fixing of the undertaking.

B

Even if the undertaking was based on the amount of unpaid real estate taxes due on the property, it is doubtful, based on the tentative analysis set forth below, that Calliste has established a violation of the discharge injunction.

The *in rem* rights of First Mount Vernon pursuant to its prepetition lien passed through the bankruptcy case unaffected by the debtor's discharge injunction. When it foreclosed and purchased the property at the foreclosure sale, it became the owner of the property, and a right arose in its favor to obtain

possession of the property.  Any act that First Mount Vernon takes solely to protect that ownership right is not the enforcement of a discharged claim owed to First Mount Vernon: whatever claims it had, they have been discharged, and it is acting solely in the capacity of being an owner of the property.

Under the rules of the Superior Court, when a defendant complies with an undertaking order in an eviction proceeding, "the plea of title effects a stay of the proceedings in the Landlord and Tenant Branch while the case is certified and transferred to Civil Division for trial on the question of ownership.  Super.Ct. L & T R. 5(c); *see Turner v. Day*, 461 A.2d 697 (D.C. 1983)." *Penny v. Penny*, 565 A.2d 587 (D.C. 1989).  As noted in *Turner v. Day*, 461 A.2d at 700:

> An undertaking is not merely a protective order in the amount of a monthly payment fashioned to assure reimbursement to the landlord for the value of fair use and occupancy during the pendency of a possessory action against a tenant.  An undertaking covers more.  It is used when the defendant interposes a plea of title and serves to assure compensation of the plaintiff not only for lost rent but also for the cloud on the title and related damages and costs.

(Citations omitted.)  *See also*, *Penny v. Penny*, 565 A.2d at 589-90.  An undertaking is thus the equivalent of a bond, designed to protect an owner in eviction proceedings with respect to damages that arise if the eviction proceeding is stayed pending the outcome of the defense of a plea of title.

The undertaking ran in favor of First Mount Vernon as an

6

owner, not in favor of the District of Columbia as a tax lienor.
First Mount Vernon was free to raise any reason it thought would
be persuasive to the Superior Court regarding the amount of the
undertaking that should be imposed by that court to protect it as
the owner.  When First Mount Vernon pointed to the amount of
unpaid taxes on the property that Calliste incurred prepetition,
that arguably might have been relevant because significant
interest and penalties will continue to accrue on the real
property taxes (to the detriment of First Mount Vernon if it is
unable to sell or rent the property because of the debtor's
occupancy).  Even if First Mount Vernon argued that the Superior
Court ought to set an undertaking in the amount of the
prepetition taxes on the property, the function of the
undertaking was to potentially compensate First Mount Vernon *as
an owner*, *not as a creditor*, and not to compensate the District
of Columbia as a tax lienor.  Therefore, in calling for an
undertaking in the amount of $47,000, First Mount Vernon was not
acting as a creditor or acting on behalf of a creditor.

Any award made pursuant to the undertaking can only
compensate First Mount Vernon for damages occasioned by the plea
of title defense.  Calliste's remedy is to require the Superior
Court to limit any call that First Mount Vernon makes on the
undertaking to damages it suffers by reason of the plea of title
defense.  If that happens to equal the amount of real estate

7

taxes on the property, that will only be a coincidence, and will not amount to First Mount Vernon's acting to collect a tax on behalf of the District of Columbia.

III

Based on the foregoing, it is

ORDERED that so long as the debtor's attorney represents the debtor as to this type of contested matter, the motion will be stricken unless the omission is corrected by the debtor's attorney filing a signed copy of the motion within 14 days after the entry of this order.  It is further

ORDERED that if the motion is not stricken, then within 28 days after entry of this order, the debtor shall file a writing showing cause why the motion ought not be dismissed based on the analysis set forth in part II of this Memorandum Decision and Order.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.